**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**EMMIT LEE GROCE, JR.**

**Plaintiff,**

**v.** **Case No. 26-CV-470**

**MILWAUKEE COUNTY COURTHOUSE and JUDGE JOSEPH WALL,**

**Defendants.**

---

**ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENTOF THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]**

---

On March 23, 2026, Emmit Lee Groce, Jr., who is incarcerated and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) Groce also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) I will grant his motion to proceed without prepayment of the filing fee. However, for the reasons explained below, I recommend that Groce's complaint be dismissed.

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Groce's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the report and recommendation.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Groce was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On March 23, 2026, Groce filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 24, 2025, the court ordered that Groce shall pay $ 21.14 as an initial partial filing fee by April 23, 2026. (ECF No. 5.) On May 4, 2026, after two letters from Groce regarding sending the initial partial filing fee, the court extended the deadline to pay the fee to June 3, 2026. (ECF No. 9.) Groce paid the fee on May 18, 2026. Thus, I will grant Groce's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING OF COMPLAINT

*1. Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2. Groce's Allegations*

Groce states that on November 3, 2020, he appeared before Milwaukee County Circuit Court Judge Joseph Wall for a jury trial. (ECF No. 1 at 2.) On November 4, 2020, the second day of trial, Judge Wall ordered a mistrial without Groce present in the courtroom. (*Id.*) Judge Wall's reasoning for the mistrial was related to concerns about exposing Groce to the COVID-19 virus. (*Id.* at 3.) Groce asserts that Judge Wall's declaration of a mistrial violated his due process rights. (*Id.*)

*3. Analysis*

At the outset, Groce sues the Milwaukee County Courthouse. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Courthouse is not a person. There are some circumstances where a municipality can be sued under §1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). For the Milwaukee County Courthouse, Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Milwaukee County Courthouse "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). As such, I recommend that Milwaukee County Courthouse be dismissed.

As for the allegations against Judge Wall, judges have absolute immunity "for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polizn v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). According to Groce's allegations, Judge Wall was acting within his jurisdiction and power. As such, he is entitled to judicial immunity. I also recommend that Judge Wall be dismissed.

Finally, I recommend that the case be dismissed because Groce fails to state a claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Groce's allegations are detailed and specific, and it is clear that Judge Wall had judicial immunity. As such, the court finds that allowing Groce to amend his complaint would be futile.

**IT IS THEREFORE RECOMMENDED** that the case be dismissed for failure to state a claim upon which relief be granted and judgment entered accordingly;

**FURTHER, IT IS RECOMMENDED** that Groce incur a strike under 28 U.S.C. § 1915(g);

**FINALLY, IT IS HEREBY ORDERED** that Groce's motion for leave to proceed without prepayment of the filing fee is **GRANTED** and that that the agency having custody of Groce shall collect from his institution trust account the $328.86 balance of the filing fee by collecting monthly payments from Groce's prison trust account in an amount equal to 20% of the preceding month's income credited

to Groce's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Groce is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 2nd day of September, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge